# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

PERRY O. MACKALL,

        Plaintiff,                        Case Number: 05-71416

v.                                         HON. VICTORIA A. ROBERTS

BETH DAVIS, ET AL.,

        Defendants.
_____/

## ORDER OF PARTIAL DISMISSAL

Plaintiff Perry O. Mackall has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Deerfield Correctional Facility in Ionia, Michigan. He is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). After careful consideration, the Court dismisses Plaintiff's claims against all defendants, except Beth Davis, pursuant to 28 U.S.C. § 1915(e)(2),[1] because Plaintiff fails to state a claim upon which relief may be granted with respect to these defendants.

Plaintiff's claims arise out of medical treatment he received while incarcerated at

---

[1] 28 U.S.C. § 1915(e)(2) provides, in pertinent part:

    Notwithstanding any filing fee, or any portion thereof, that may
    have been paid, the court shall dismiss the case at any time if the
    court determines that –
    . . .
    (B) the action or appeal –
    . . .
    (ii) fails to state a claim upon which relief may be granted . . .

the Mid-Michigan Correctional Facility in St. Louis, Michigan.  He states that he suffers from diabetes, asthma, allergies, and sinus infections.  He alleges that defendant Davis, a medical supervisor, refused to provide him with treatment or medication for his many medical conditions.  Plaintiff alleges that defendant Davis' failure to provide him with treatment was motivated by his filing a grievance.  Plaintiff also names thirty-two additional individuals as defendants.  These additional defendants, along with defendant Davis, are listed in "Attachment A."

Federal courts hold *pro se* complaints to a "less stringent standard" than complaints drafted by attorneys.  Haines v. Kerner, 404 U.S. 519 (1972).  However, such complaints "must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief."  Mullins v. Smith, 14 F. Supp. 2d 1009, 1011 (E.D. Mich. 1998).  Plaintiff fails to reference any defendant other than Davis in the body of the complaint or to make any specific allegations against any defendant other than Davis.  Thus, even holding Plaintiff's complaint to the less stringent standard applicable to *pro se* complaints, Plaintiff fails to state a claim upon which relief may be granted with respect to all named defendants, except defendant Davis.  The Court, therefore, dismisses all defendants other than defendant Davis.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's claims as to Defendants Patricia L. Caruso, Stephen H. Marschke, John Rubitschun, Carmen D. Palmer, Daniel J. Wilson, William Christian, III, Lillian Tefft, Haresh B. Pandya, Julie Tudor, Jan Trombley, Patricia Best, Dennis Kennedy, Mike Cox, R. Smith, Paul H.

Renico, James Townsend, David Fenby, Jane Doe I, E. Hunt, Officer Krawczak, Rickey Coleman, Jane Doe II, William Adams, Vicki McCabe, Joseph Novak, Billy Ray Thompson, David Mullikin, John Doe I, John Doe II, P. Salamino, Paula Meyer, and Michigan Department of Corrections are **DISMISSED**.

      **SO ORDERED**.

                                          S/Victoria A. Roberts
                                          Victoria A. Roberts
                                          United States District Judge

Dated:  May 11, 2005

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on May 11, 2005.<br><br>s/Carol A. Pinegar<br>Deputy Clerk |

3