UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PERRY MACKALL,**

       **Plaintiff,**              **CIVIL ACTION NO. 05-CV-71416-DT**

  **vs.**

                                     **DISTRICT JUDGE VICTORIA A. ROBERTS**

**BETH DAVIS,**              **MAGISTRATE JUDGE MONA K. MAJZOUB**

       **Defendant.**
_____/

### REPORT AND RECOMMENDATION

**RECOMMENDATION**: Plaintiff's Complaint should be **DISMISSED** pursuant to 42 U.S.C. 1997e for failure to state a claim upon which relief may be granted. Both Defendant's Motion for Revocation of Plaintiff's Pauper Status and Plaintiff's Motion for Extension of Time in which to respond to Defendant's motion should be **DENIED** as moot.

\*\*\*

Plaintiff was allowed to proceed *in forma pauperis* and filed the instant complaint on April 12, 2005 pursuant to 42 U.S.C. § 1983. In his complaint Plaintiff alleges that Defendant Davis failed to provide him medical treatment. For the following reasons, the Court recommends that Plaintiff's Complaint be dismissed *sua sponte*.

The Prison Litigation Reform Act (PLRA) of 1995 requires that a prisoner exhaust all administrative remedies before filing a section 1983 action. Specifically, the statute provides, "no action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner confined in any jail, prison or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The Supreme Court has declined to "read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise." *Booth*

*v. Churner*, 532 U.S. 731, 741 n.6 (2001). The Sixth Circuit has held that "prisoners filing a § 1983 case involving prison conditions must allege and show that they have exhausted all available state administrative remedies" before a district court may adjudicate their civil rights claims, and has also held that the district court should enforce this requirement *sua sponte*. 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998), *cert. denied*, 525 U.S. 833 (1998). Compliance with this provision requires that prisoners both allege exhaustion in the complaint and "attach to his complaint the disposition(s) of his available administrative remedies." *Baxter v. Rose*, 305 F.3d 486, 488 (6th Cir. 2002)(citing *Brown*, 139 F.3d at 1104).

Here, Plaintiff indicated in the "Exhaustion of Administrative Remedies" section of his Complaint (section III of the preprinted Complaint form) that he filed grievances concerning the facts set forth in his Complaint. Plaintiff alleges that he exhausted his administrative remedies by filing grievances STF-0305-0234-12F1 ("12F1"), STF-0307-0358-12F ("12F"), STF-0307-0373-12E ("12E"), and STF-0311-0612-12D ("12D"). Plaintiff further indicates that MDOC failed to respond to these grievances at Step I but denied the grievances at Step II. In the second attachment to his Complaint, Plaintiff lists thirty-two grievances which include the four aforementioned grievances listed in section III of Plaintiff's Complaint. In the second attachment, Plaintiff indicates that MDOC denied grievances 12F1, 12F, 12E, and 12D at Step I. Given the contradictory nature of his allegations regarding exhaustion, the Court concludes that Plaintiff has failed to allege, with specificity, the exhaustion of administrative remedies.

Additionally, Plaintiff failed to attach any grievance forms to his complaint as required under *Baxter*. Without providing the pertinent grievance forms, the Court is unable to ascertain whether Plaintiff actually exhausted his administrative remedies by pursuing all three steps of the MDOC grievance process. Having failed to alleged exhaustion with specificity and having failed to attach copies

of the grievance forms, Plaintiff has failed to demonstrate exhaustion of his administrative remedies as required under *Baxter*. Under the PLRA, a Plaintiff who fails to allege and demonstrate exhaustion does not state a claim on which relief may be granted and his complaint must be dismissed. *Baxter*, 305 F.3d at 489.

Accordingly, the Court recommends that Plaintiff's Complaint be **DISMISSED** pursuant to 42 U.S.C. § 1997e(c).[1] In light of the instant recommendation, both Defendant's Motion for Revocation of Plaintiff's Pauper Status and Plaintiff's Motion for Extension of Time to respond to Defendant's motion should be **DENIED** as moot.

**NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

---

[1] Title 42 U.S.C. § 1997e(c) provides:

> The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section [1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: November 08, 2005                     s/ Mona K. Majzoub
                                             MONA K. MAJZOUB
                                             UNITED STATES MAGISTRATE JUDGE

**Proof of Service**

I hereby certify that a copy of this Report and Recommendation was served upon Perry Mackall and Counsel of Record on this date.

Dated: November 08, 2005                     s/ Lisa C. Bartlett
                                             Courtroom Deputy

.